IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORMAN RAY WILSON, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 11-00324-KD-N |
| MARIANNA FCI, | : | |
| Defendant(s). | : | |

ORDER

Plaintiff' has filed a complaint alleging improper medical treatment while incarcerated and a motion to proceed without prepayment of fees (Docs. 1, 2). Plaintiff's complaint is not on this Court's form under 42 U.S.C. § 1983. See Local Rule 83.9(d)(1) (requiring a pro se litigant to file his pleadings on this Court's forms). Plaintiff's motion to proceed without prepayment of fees is incomplete (i.e. full name of spouse, date of last employment and salary earned at last employment, amount of money received in last 12 months).[1]  Plaintiff, therefore, is **ORDERED** by **August 1, 2011,** to complete and file this Court's form for a complaint under 42 U.S.C. § 1983 and  to pay the $350.00 filing fee or, in lieu thereof, to file this Court's motion to proceed without prepayment of fees. The new complaint will supersede the prior complaint.  Thus, Plaintiff shall not rely upon his prior complaint.  Failure to comply with this order within the prescribed time or to notify the Court immediately of a change in address will result in a

---

[1] Plaintiff indicated he RECEIVED $400.00 per month in rent. If that is not a mistake, advise the court about the location of the property, its value, etc.

recommendation of dismissal of this action for failure to prosecute and to obey the Court's order.

Plaintiff's present complaint is extremely brief and does not convey in a clear manner what his claim is. Plaintiff must write legibly and describe in his own words what he is complaining about. In pleading the amended complaint, Plaintiff is advised that his the allegations must show plausibility in order to state a claim upon which relief can be granted . Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. Id. at 1959. Plaintiff is further advised that the claims that are directed to persons acting under federal law will be treated as Bivens claims[2] by the Court.

The Clerk is **DIRECTED** to send Plaintiff a form for a complaint under § 1983 and for a motion to proceed without prepayment of fees.

**DONE** this 30th day of June, 2011.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

[2] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)(Plaintiff may, in a suit brought pursuant to 42 U.S.C. § 1983, seek money damages from government officials or individuals who, acting under color of federal law, have violated his constitutional or federal statutory rights.).